UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-20509-JAL

FEDERICA COCCIOLONE, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

ASSOCIATION LAW GROUP, P.L.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

COMES NOW Defendant, ASSOCIATION LAW GROUP, P.L. ("ALG") pursuant to Fed. R. Civ. P. 12(b) and S.D. Fla. L.R. 7.1, moves to dismiss Plaintiff Federica Cocciolone's Complaint and states:

**I.**    **INTRODUCTION**

On February 7, 2019, Plaintiff, a delinquent unit owner of the Bonterra Community Association ("Association"), filed the instant lawsuit accusing the law firm, Association Law Group ("ALG") of violating of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute §559.551 *et seq.*, the Florida Consumer Collection Practices Act in its attempts to collect a valid and owed debt to the Association. *See Generally Compl.*

Count I (alleged violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1) and Count II (alleged violation of Fla. Stat 559.72(9)) should be dismissed for failure to state a cause of action upon which relief could be granted. Plaintiff asserts boilerplate and conclusory allegations that ALG, a reputable South Florida law firm whose practice heavily

centers around representing many condominium and homeowner associations, have committed violations amounting to abusive, deceptive and unfair debt collection practices.

Of these allegations, Plaintiff's crux of every argument asserted in the Complaint is that ALG has no authorization, by an agreement or express statutory authority, to collect any sort of collection costs or fees in its collection efforts made on behalf of the Association and that the attorneys' fees reflected within the collection letters are misrepresentations.

Notwithstanding the fact that this is simply not the case, as a matter law Plaintiff have failed state any cause of action upon which relief could be granted.

## II. THE ALLEGATIONS IN THE COMPLAINT

The Complaint contains 14 allegations common to all counts. *See Compl.* ¶¶ 14-27, 36, and 41. The Complaint alleges that Defendant must have either express authorization by an agreement or express statutory authority to collect any sort of collect costs of fees, and that Defendant has neither. *Id at* ¶ 25. Moreover, Plaintiff alleges that Defendant's "attorney fees and costs" that it attempts to collect on behalf of the Association are not actual costs incurred, nor representative of the actual time an attorney placed on Plaintiff's file. *Id at* ¶ 26. Plaintiff goes on to say that the "attorney fees are hyper-inflated figures with no bearing on the actual time of professional legal services rendered or actual costs incurred on the file and charged to the Current Creditor", yet provides zero basis for how Plaintiff is coming to that *conclusion* or how Plaintiff even obtained knowledge of same. *Id.*

## III. APPLICABLE MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1231 (S.D. Fla. 2015). Although this pleading standard

does not require detailed factual allegations, it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.* Pleadings must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. Indeed, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* To meet this plausibility standard, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss *Id.*

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts to state a claim to relief that is plausible on its face. *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1248 (S.D. Fla. 2014). If allegations are indeed *more conclusory* than factual, then the court does not have to assume their truth. *Id (emphasis added).* In sum, the plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability. *Id.*

IV.   **ARGUMENT**

To state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. § 1692 et seq., a plaintiff must plead: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1231 (S.D. Fla. 2015). 15 U.S.C.S. § 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Id.* Plaintiff has met its first two elements by stating that Plaintiff is a consumer pursuant to the FDCPA and that Defendant is a debt collector pursuant to the FDCPA, but has utterly failed to meet its burden in

pleading acts or omissions that amount to ALG using false, deceptive, or misleading representation or means in connection with the collection of any debt. *Id; See Also Compl. at ¶¶ 8-13*.

Fed. R. Evid. 201(b) provides for the taking of judicial not**ice** of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 (11th Cir. 1999). This very Court has held that Condominium Declarations are documents that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned allowing the Court to take Judicial Notice of same. *See Setai Hotel Acq., LLC v. Miami Beach Luxury Rentals, Inc., Civil Action No. 16-21296-Civ-Scola, 2017 U.S. Dist. LEXIS 129642, at \*20-21 (S.D. Fla. Aug. 15, 2017)*.

The Association's Condominium Declaration was recorded December 30, 2015, in Miami-Dade's public records, long before Plaintiff ever received a collection letter for amounts due to the Association. *See attached hereto Exhibit A (Declaration) and Exhibit "A" of the Compl.* A declaration of condominium strictly governs the relationships among the condominium unit owners and the condominium association. *Woodside Vill. Condo. Ass'n v. McClernan*, 806 So. 2d 452, 453 (Fla. 2002). Because condominiums are a creature of statute courts must look to the statutory scheme in Fla. Stat. Ch. §§ 718.101-718.622 (2000) as well as the condominium declaration and other documents to determine the legal rights of owners and the association. *Id.*

Section 21 of the Declaration Governing Assessments holds in part:

> 21.2   Purpose of Assessments.  The Assessments levied by Association shall be used for, among other things, the purpose of promoting the recreation, health and welfare of the residents of Bonterra, and in particular for the improvement and maintenance of the Common Areas and any easement in favor of Association, including but not limited to the following categories of Assessments as and when levied and deemed payable by the Board:

> 21.19   Non-Payment of Assessments.  If any Assessment is not paid within fifteen (15) days (or such other period of time established by the Board) after the due date, a late fee of $25.00 per month (or such greater amount established by the Board), together with interest in an amount equal to the maximum rate allowable by law (or such lesser rate established by the Board), per annum, beginning from the due date until paid in full, may be levied.  The late fee shall compensate Association for administrative costs, loss of use of money, and accounting expenses.  Association may, at any time thereafter, bring an action at law against the Owner personally obligated to pay the same, and/or foreclose the lien against the Home, or both.  Association shall not be required to bring such an action if it believes that the best interests of Association would not be served by doing so.  To the extent permitted by Florida law, the lien granted to Association may be established and foreclosed in the Circuit Court in and for County, and in any suit for the foreclosure of such lien, Association shall be entitled to seek an order of court that it is entitled to (i) collect a reasonable rent from the Owner, if the Owner remains in possession of a Home after a judgment of foreclosure is entered and (ii) obtain the appointment of a receiver for such Home to collect the rent if the Home is leased or rented during the pendency of the foreclosure action.  There shall be added to the Assessment all costs expended in preserving the priority of the lien and all costs and expenses of collection, including attorneys' fees and paraprofessional fees, at all levels of proceedings, including appeals, collection and bankruptcy.  No Owner may waive or otherwise escape liability for Assessments provided for herein by non-use of, or the waiver of the right to use the Common Areas, the Club or by abandonment of a Home.

Of the upmost relevance as it pertains the crux of Plaintiff's entire Complaint, section 21.19, *"Non-Payment of Assessments"* holds that, "There shall be added to the Assessment all costs expended in preserving the priority of the lien and all costs and expenses of collection, ***including attorneys' fees and paraprofessional fees,*** at all levels of proceedings, including appeals, ***collection*** and bankruptcy. *Condo. Dec. Sec. 21.19 (emphasis added)*. This is to say, the lynchpin of Plaintiff Complaint is that ALG does not have express authorization by an agreement or express statutory authority to collect any sort of collection costs or fees in relation to the subject debt – this is utterly false as it is expressly written in the Condominium Declaration which determines the legal rights of the Association and its owners. *Woodside Vill. Condo. Ass'n v. McClernan*, 806 So. 2d 452, 453 (Fla. 2002). The terms expressed in Condominium Declaration wholly inoculates any alleged violation of 15 USCS § 1692(f)(1) and Fla. Stat. §559.72(9) and therefore should be dismissed with prejudice.

Likely having already obtained knowledge (constructive or actual) as to the Association's entitlement as to attorneys' fees and costs incurred in relation to collection of amounts owed to the Association by virtue of the publically filed Declaration, Plaintiff attempts to plead an equally misplaced alternative argument by alleging pure conclusions as to the itemized potion of

the collection letters showing attorneys' fees and costs. Plaintiff states "attorney fees are hyper-inflated figures with no bearing on the actual time of professional legal services rendered or actual costs incurred on the file and charged to the Current Creditor", yet provides zero basis for how Plaintiff is coming to that conclusion or how Plaintiff even obtained knowledge of same. *See Compl. at ¶ 26.* Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts to state a claim to relief that is plausible on its face. *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1248 (S.D. Fla. 2014). Although this pleading standard does not require detailed factual allegations, it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1231 (S.D. Fla. 2015). Plaintiff simply stating, without any justification, that the reflected attorneys' fees and costs are not accurate or used for a specific misleading purpose, is just that, an "unadorned" statement that Defendant caused harm. *Id.* Plaintiff relies on this statement to support its causes of action pursuant to 15 USCS § 1692(e) & (g), the sections of the FDCPA governing false or misleading representations and accuracy in stating the debt owed. ALG simply complied with the FDCPA, by providing an itemized category of attorneys' fees and costs, for which it is entitled, so to avoid a mischaracterization of the debt so that a consumer (albeit an unsophisticated one) would not confuse the fees and costs with the principal amount.

Knowing ALG has the authority to include an itemized attorneys' fees and costs provision within its collection letters (pursuant to the Declaration) sent on behalf of the Association, and looking at the Complaint, which contains zero basis to conclude that the attorneys' fees and costs provision within its collection letters are anything but accurate, Plaintiff has completely failed to meet the third element of establishing a claim under the FDCPA, (3) the

defendant has engaged in an act or omission prohibited by the FDCPA. *Id.* In other words, the allegations made in the Complaint are indeed *more conclusory* than factual, and the court does not have to assume their truth *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1248 (S.D. Fla. 2014).

Moreover, as a matter of public policy, in the event Plaintiff's conclusory allegation could survive the instant Motion to Dismiss, cautious and law-abiding debt collectors such ALG are subject to being dragged into Federal Court based on allegations that never express the true intent of the FDCPA, to give consumers a mechanism to fight back abusive, deceptive, and unfair debt collection practices.

## V. CONCLUSION

For all the foregoing reasons, Defendant Association Law Group P.L., respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, and award Defendant such further relief as this Court deems just and proper.

*[CERTIFICATE OF SERVICE ON NEXT PAGE]*

CASE NO.: 19-cv-20509-JAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant ASSOCIATION LAW GROUP, P.L.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: andrew.simon@csklegal.com

By:  s/ Andrew G. Simon
JOHN CODY GERMAN
Florida Bar No.: 58654
ANDREW G. SIMON
Florida Bar No.: 1002623

1444.0062-00/13327121

## **SERVICE LIST**

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540
*COUNSEL FOR PLAINTIFF*